Dear Mayor Lindsay:
This office is in receipt of your request for an opinion of the Attorney General in regard to the hiring of a town attorney under the Lawrason Act. You ask whether the city council can vote to hire an attorney or special counsel without the mayor's recommendation.
In response to your question we find that the city council of a Lawrason Act community can only hire a city attorney upon the recommendation of the mayor in accordance with the provisions of R.S.33:386, Appointment of municipal officials; bond required. Therein paragraph (C) provides as follows:
 The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
In this regard in Atty. Gen. Op. 95-19 this office recognized, "While the mayor is authorized to apoint a city attorney subject to the approval of the board of aldermen, until both the mayor and the board concur in the selection of a new town attorney by the prescribed appointment and convirmation procedure, the incumbent town attorney remains in the position."
As reflected in R.S. 33:386 the duties of the attorney for the municipality "include representation of all municipal officers as set forth in R.S. 33:381(A) in actions against them arising out of their functions as such officers"; and it is further provided, "The municipality may also employ counsel "to represent its interest should the occasion require."
In Atty. Gen. Op. 95-226 in regard to appointment of an attorney for the Board of Aldermen, this office noted that employing an attorney to represent the Board of Aldermen requires expenditures of municipal funds and the Mayor and Board must concur in the contract which the Mayor would have to sign on behalf of the City of Ruston. This office then observed as follows:
 The appointment of an attorney for the Board of Aldermen also contradicts La.R.S. 33:386(C). This statue allow for the appointment of an attorney for a municipality and fixing of compensation for that attorney by the Mayor, subject to confirmation by the Board of Aldermen. The statute goes on to state that the attorney may represent all of the municipal officers, which includes the Board of Aldermen. The last sentence of the statute provides for the municipality to employ counsel to represent its interests. In your case for municipality is the City of Ruston and not the Ruston Board of Aldermen. Therefore, this statute makes no provision for employing an attorney for and by the Board of Aldermen. (Emphasis added.)
Thus, this office further noted that the statute allows for the appointment of an attorney for a municipality to represent its interests and found the municipality was the City and not the Board of Aldermen.
Therefore, it appeals that R.S. 33:386(C) allows for the appointment of an attorney for the municipality whose duties "include representation of all municipal officers * * * in actions against them" in connection with their functions as such officers, and my employ counsel "to represent its interest" as a municipality.
Accordingly, in response to your question whether the City Council under the Lawrason Act can vote to hire an attorney or special counsel without the Mayor's recommendation, we would conclude it cannot.
We hope this sufficiently responds to your request.
Very truly yours
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr